■ In the Matter of Thomas Sullivan, on Behalf of Thomas F. Sullivan, an Infant, Appellant, against Motor Vehicle Accident Indemnification Corporation, Respondent.

Appeal from an order of the Supreme Court at Special Term, entered June 29, 1959, in New York County, which dismissed an application for permission to file a late notice of claim pursuant to section 608 of the Insurance Law.

Order, dated June 18, 1959, denying petitioner's application for leave pursuant to subdivision (c) of section 608 of the Insurance Law to file a late notice of claim against respondent, affirmed, with $20 costs and disbursements to the respondent.

Valente, J. (dissenting). I dissent. I would reverse the order and grant the application to file a belated notice of claim. Article 17-A of the Insurance Law (Motor Vehicle Accident Indemnification Corporation Law) became effective January 1, 1959 — only 44 days before the infant herein sustained his injuries. Under subdivision (c) of section 608 of that law, where the claimant is an infant or is mentally or physically incapacitated, and by reason of such disability is prevented from filing an affidavit of claim with the corporation within 90 days of the accrual of an action, the corporation may accept a filing thereafter if satisfied with an explanation for the delay, or a court may grant leave to file a late application, provided leave from the court is sought within 120 days after the accrual of a cause of action. Here the claimant, a 17-year-old boy, was injured on February 11, 1959 when he was riding as a guest in a vehicle which had been stolen by another. He was immediately removed to a hospital and while there was placed under arrest, charged with grand larceny. Following the arrest, the boy was removed to Bellevue Hospital, where in addition to other treatment he underwent psychiatric observation. Upon his discharge from the hospitals, he was arraigned in Adolescent Court, but ultimately the charges against him were dismissed on May 28, 1959. The application to permit the filing of a late claim was made immediately thereafter — within the 120-day period provided for in the statute.

Considering claimant's infancy, his physical and mental disability following the accident, the vicissitudes of his hospitalization and the investigation in the Adolescent Court, and viewing those factors in conjunction with the comparative newness of article 17-A of the Insurance Law, there was a meritorious basis for excusing the failure to file the affidavit of claim within the 90-day period and for granting leave to file a late claim. The denial of the application constituted an abuse of discretion as a matter of law.

Breitel, J. P., Rabin and Bergan, JJ., concur in decision; Valente, J., dissents and votes to reverse and grant application, in opinion.

Order affirmed, etc. [18 Misc 2d 961.]